UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBECCA MEGAN QUIGLEY,

        Plaintiff,

   v.

APTOS/LA SELVA FIRE
PROTECTION DISTRICT, et al.,

        Defendants.

NO. CIV. S-12-2779 LKK/CMK

O R D E R

    This action arises from injuries Plaintiff Rebecca Quigley, a former firefighter with the United States Forest Service, suffered when she was allegedly run over by a sanitation truck at the Silver Fire Base Camp.

    Pending before the court is Plaintiff's motion to remand this case to state court. Pl's Mot., ECF No. 9. For the reasons provided herein, the court STAYS Plaintiff's motion, pending a response by the Attorney General as to Defendants' request for certification of their federal employment status at the time of the incident alleged.

////

1

## I. BACKGROUND

On December 3, 2010, Plaintiff filed the operative complaint in Plumas County Superior Court. See Pl's First Am. Compl., ECF No. 1, Att. 1., at 9-19.[1]  Plaintiff asserted causes of action against all Defendants for negligence, dangerous condition of public property, and failure to warn. Id. at 13-18. Plaintiff also asserted a cause of action against Defendant Steven H. Siler for the intentional tort of driving while intoxicated. Id. at 18-19. Plaintiff seeks compensatory damages, punitive damages, prejudgment interest, and the costs of suit. Id. at 19. Plaintiff did not name the United States Forest Service ("USFS"), the Department of Agriculture, or the United States Government as defendants in the action. See generally id.

On October 12, 2012, Defendants filed a motion for summary judgment in the Plumas County Superior Court, arguing that Defendants Rich Rubin, Mike Jellison, Frank DelCarlo, and Dave Kirste were functionally employees of the USFS at all times mentioned within Plaintiff's First Amended Complaint and, therefore, the state court lacked subject matter jurisdiction over the matter, pursuant to 28 U.S.C. § 1346(b)(1). See Defs' Mot. Summary Judgment, ECF No. 1, Att. 1, at 38-41.

On November 9, 2012, Defendant Plumas Sanitation, with the consent of all other Defendants, removed the action to this court,

---

[1] Page numbers cited herein refer to the court's electronic pagination system, as opposed to the page numbers provided by the parties.

1  asserting that the action falls "within the original jurisdiction
2  of this Court and [is] properly removed under 28 U.S.C. §§ 1346,
3  1441, and 1446."  Notice of Removal, ECF No. 1.
4      On December 7, 2012, Plaintiff filed the instant motion to
5  remand the action to state court. Pl's Mot., ECF No. 9. Plaintiff
6  argues, <u>inter</u> <u>alia</u>, that: (1) it remains a disputed question of
7  fact as to whether Defendants were federal employees or
8  contractors; and (2) the Defendants at issue did not raise federal
9  employment as an affirmative defense in their answers and failed
10 to seek certification from the U.S. Attorney General for their
11 defense, pursuant to 28 U.S.C. § 2679, and instead, only raised
12 federal immunity as an affirmative defense in their motion for
13 summary judgment. <u>Id.</u> at 4-12.
14     Defendant Plumas Sanitation, joined by the remaining
15 Defendants, opposes Plaintiff's motion to remand. <u>See</u> Defs' Mots.,
16 ECF Nos. 12-16. Defendants argue, in part, that it is "premature
17 to make a determination with regard to whether defendants were
18 federal employees, as further information must be gathered" and
19 "[u]ntil that determination is made, this Court has jurisdiction
20 over the matter." Def's Mot., ECF No. 13, at 2. Defendants
21 further assert that, on or about December 27, 2012, "a formal
22 written request to the federal government's designated agent was
23 made on behalf of the Individual Defendants seeking statutory
24 certification of their federal employment status at the time of the
25 subject fire" and that the Defendants "presently await the Federal
26 Government's and Attorney General's certification of their federal

3

employment" status. Coleman Decl., ECF No. 16, Att. 2, at 2; see also Defs' Req., ECF No. 16, Att. 2, at 7-9.

As to Defendants' request for certification, however, Plaintiff replies that "the Attorney General has advised [Mr. Coleman] that he has not complied with the procedures mandated by statute in making that application." Pl's Reply, ECF No. 17, at 3, n.1. Plaintiff concludes that "at least as of the filing of this reply, there is no pending application for certification." Id.

## II. ANALYSIS

In 1988, Congress adopted the Federal Employees Liability Reform and Tort Compensation Act, commonly referred to as the Westfall Act, to remove the potential personal liability of federal employees for common law torts committed within the scope of their employment by providing that the exclusive remedy for such torts is an action against the United States under the Federal Tort Claims Act. Billings v. United States, 57 F.3d 797, 799 (9th Cir. 1995) (citing H.R.Rep. No. 700, 100th Cong., 2d Sess. 4 (1988)).

The Westfall Act grants the Attorney General authority to certify that a named defendant in a tort action was acting within the scope of his or her federal employment at the time in question. 28 U.S.C. § 2679(d)(1), (2). If the action is launched in a state court, and the Attorney General certifies that the employee "was acting within the scope of his office or employment at the [relevant] time," the action "shall be removed" to the appropriate

4

federal district court, and the United States must be substituted as the defendant. § 2679(d)(2). "Th[e] certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). That is, for purposes of establishing a forum to adjudicate the case, § 2679(d)(2) renders the Attorney General's certification dispositive. Osborn v. Haley, 549 U.S. 225, 241, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007); see also Billings, 57 F.3d at 800 ("Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged.").

Because the Attorney General's decision regarding certification of the Individual Defendants in this case is dispositive for purposes of establishing forum, and the Attorney General has not yet conclusively responded to Defendants' request for certification, this court STAYS Plaintiff's motion to remand pending a response by the Attorney General.

## IV. CONCLUSION

Accordingly, the court STAYS Plaintiff's motion to remand, ECF No. 9, pending a response by the Attorney General as to Defendants' request for certification of their federal employment status at the time of the incident alleged.

Defendants SHALL notify the court within five (5) days of the issuance of this order of the Attorney General's decision. The parties SHALL notify the court if no decision is made within 45

1  days.
2      The status conference in this case, currently set for January
3  28, 2013, is VACATED.
4      IT IS SO ORDERED.
5      DATED:  January 15, 2013.

```
                              /s/ Lawrence K. Karlton
                              _____
                              LAWRENCE K. KARLTON
                              SENIOR JUDGE
                              UNITED STATES DISTRICT COURT
```

6