UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBECCA MEGAN QUIGLEY,

                                        NO. CIV. S-12-2779 LKK/CMK

      Plaintiff,

   v.

                                        O R D E R

APTOS/LA SELVA FIRE
PROTECTION DISTRICT, et al.,

      Defendants.

_____/

    This action arises from injuries Plaintiff Rebecca Quigley, a former firefighter with the United States Forest Service, suffered when she was allegedly run over by a sanitation truck at the Silver Fire Base Camp.

    Pending before the court is Plaintiff's motion to remand this case to state court.  Pl's Mot., ECF No. 9.  For the reasons provided herein, the court STAYS Plaintiff's motion, pending a response by the Attorney General as to Defendants' request for certification of their federal employment status at the time of the incident alleged.

////

1

# I. BACKGROUND

On December 3, 2010, Plaintiff filed the operative complaint in Plumas County Superior Court. See Pl's First Am. Compl., ECF No. 1, Att. 1., at 9-19.[1] Plaintiff asserted causes of action against all Defendants for negligence, dangerous condition of public property, and failure to warn. Id. at 13-18. Plaintiff also asserted a cause of action against Defendant Steven H. Siler for the intentional tort of driving while intoxicated. Id. at 18-19. Plaintiff seeks compensatory damages, punitive damages, prejudgment interest, and the costs of suit. Id. at 19. Plaintiff did not name the United States Forest Service ("USFS"), the Department of Agriculture, or the United States Government as defendants in the action. See generally id.

On October 12, 2012, Defendants filed a motion for summary judgment in the Plumas County Superior Court, arguing that Defendants Rich Rubin, Mike Jellison, Frank DelCarlo, and Dave Kirste were functionally employees of the USFS at all times mentioned within Plaintiff's First Amended Complaint and, therefore, the state court lacked subject matter jurisdiction over the matter, pursuant to 28 U.S.C. § 1346(b)(1). See Defs' Mot. Summary Judgment, ECF No. 1, Att. 1, at 38-41.

On November 9, 2012, Defendant Plumas Sanitation, with the consent of all other Defendants, removed the action to this court,

---

[1] Page numbers cited herein refer to the court's electronic pagination system, as opposed to the page numbers provided by the parties.

1  asserting that the action falls "within the original jurisdiction

2  of this Court and [is] properly removed under 28 U.S.C. §§ 1346,

3  1441, and 1446."  Notice of Removal, ECF No. 1.

4      On December 7, 2012, Plaintiff filed the instant motion to

5  remand the action to state court.  Pl's Mot., ECF No. 9.  Plaintiff

6  argues, <u>inter alia</u>, that: (1) it remains a disputed question of

7  fact as to whether Defendants were federal employees or

8  contractors; and (2) the Defendants at issue did not raise federal

9  employment as an affirmative defense in their answers and failed

10  to seek certification from the U.S. Attorney General for their

11  defense, pursuant to 28 U.S.C. § 2679, and instead, only raised

12  federal immunity as an affirmative defense in their motion for

13  summary judgment.  <u>Id.</u> at 4-12.

14      Defendant Plumas Sanitation, joined by the remaining

15  Defendants, opposes Plaintiff's motion to remand.  <u>See</u> Defs' Mots.,

16  ECF Nos. 12-16.  Defendants argue, in part, that it is "premature

17  to make a determination with regard to whether defendants were

18  federal employees, as further information must be gathered" and

19  "[u]ntil that determination is made, this Court has jurisdiction

20  over the matter."  Def's Mot., ECF No. 13, at 2.  Defendants

21  further assert that, on or about December 27, 2012, "a formal

22  written request to the federal government's designated agent was

23  made on behalf of the Individual Defendants seeking statutory

24  certification of their federal employment status at the time of the

25  subject fire" and that the Defendants "presently await the Federal

26  Government's and Attorney General's certification of their federal

1  employment" status.   Coleman Decl., ECF No. 16, Att. 2, at 2;

2  see also Defs' Req., ECF No. 16, Att. 2, at 7-9.

3      As to Defendants' request for certification, however,

4  Plaintiff replies that "the Attorney General has advised [Mr.

5  Coleman] that he has not complied with the procedures mandated by

6  statute in making that application."  Pl's Reply, ECF No. 17, at

7  3, n.1.  Plaintiff concludes that "at least as of the filing of

8  this reply, there is no pending application for certification."

9  Id.

10                      **II. ANALYSIS**

11      In 1988, Congress adopted the Federal Employees Liability

12  Reform and Tort Compensation Act, commonly referred to as the

13  Westfall Act, to remove the potential personal liability of federal

14  employees for common law torts committed within the scope of their

15  employment by providing that the exclusive remedy for such torts

16  is an action against the United States under the Federal Tort

17  Claims Act.  Billings v. United States, 57 F.3d 797, 799 (9th Cir.

18  1995) (citing H.R.Rep. No. 700, 100th Cong., 2d Sess. 4 (1988)).

19

20      The Westfall Act grants the Attorney General authority to

21  certify that a named defendant in a tort action was acting within

22  the scope of his or her federal employment at the time in question.

23  28 U.S.C. § 2679(d)(1), (2).  If the action is launched in a state

24  court, and the Attorney General certifies that the employee "was

25  acting within the scope of his office or employment at the

26  [relevant] time," the action "shall be removed" to the appropriate

federal district court, and the United States must be substituted as the defendant.  § 2679(d)(2).  "Th[e] certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2).  That is, for purposes of establishing a forum to adjudicate the case, § 2679(d)(2) renders the Attorney General's certification dispositive. <u>Osborn v. Haley</u>, 549 U.S. 225, 241, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007); <u>see</u> <u>also</u> <u>Billings</u>, 57 F.3d at 800 ("Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged.").

Because the Attorney General's decision regarding certification of the Individual Defendants in this case is dispositive for purposes of establishing forum, and the Attorney General has not yet conclusively responded to Defendants' request for certification, this court STAYS Plaintiff's motion to remand pending a response by the Attorney General.

### IV. CONCLUSION

Accordingly, the court STAYS Plaintiff's motion to remand, ECF No. 9, pending a response by the Attorney General as to Defendants' request for certification of their federal employment status at the time of the incident alleged.

Defendants SHALL notify the court within five (5) days of the issuance of this order of the Attorney General's decision.  The parties SHALL notify the court if no decision is made within 45

5

1  days.

2      The status conference in this case, currently set for January

3  28, 2013, is VACATED.

4      IT IS SO ORDERED.

5      DATED:  January 15, 2013.

6

7

8  _____
   LAWRENCE K. KARLTON

9  SENIOR JUDGE
   UNITED STATES DISTRICT COURT

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26