UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

REBECCA MEGAN QUIGLEY,

        Plaintiff,

    v.

APTOS/LA SELVA FIRE
PROTECTION DISTRICT, et al.,

        Defendants.

NO. CIV. S-12-2779 LKK/CMK

O R D E R

This action arises from injuries Plaintiff Rebecca Quigley, a former firefighter with the United States Forest Service, suffered when she was allegedly run over by a Plumas Sanitation truck at the Silver Fire Base Camp.

Presently before the court is Plaintiff's motion to lift the court's stay of Plaintiff's previously filed motion to remand. See Pl's Mots., ECF No. 27 (Motion for Relief of Stay), 9 (Motion to Remand). For the reasons provided herein, the court GRANTS Plaintiff's motion to lift the stay of proceedings and GRANTS Plaintiff's motion to remand.

////

**I. BACKGROUND**

On December 3, 2010, Plaintiff filed the operative complaint in Plumas County Superior Court. See Pl's First Am. Compl., ECF No. 1, Att. 1., at 9-19.[1] Plaintiff asserted causes of action against all Defendants for negligence, dangerous condition of public property, and failure to warn. Id. at 13-18. Plaintiff also asserted a cause of action against Defendant Steven H. Siler for the intentional tort of driving while intoxicated. Id. at 18-19. Plaintiff sought compensatory damages, punitive damages, prejudgment interest, and the costs of suit. Id. at 19. Plaintiff did not name the United States Forest Service ("USFS"), the Department of Agriculture, or the United States Government as defendants in the action. See generally id.

On October 12, 2012, Defendants filed a motion for summary judgment in the Plumas County Superior Court, arguing that Defendants Rich Rubin, Mike Jellison, Frank DelCarlo, and Dave Kirste were functionally employees of the USFS at all times mentioned within Plaintiff's First Amended Complaint and, therefore, the state court lacked subject matter jurisdiction over the matter, pursuant to 28 U.S.C. § 1346(b)(1). See Defs' Mot. Summary Judgment, ECF No. 1, Att. 1, at 38-41.

On November 9, 2012, Defendant Plumas Sanitation, with consent of all other Defendants, removed the action to this court,

---

[1] Page numbers cited herein refer to the court's electronic pagination system, as opposed to the page numbers provided by the parties.

2

asserting that the action falls "within the original jurisdiction of this Court and [is] properly removed under 28 U.S.C. §§ 1346, 1441, and 1446" because "the Individual Defendants were federal employees." Notice of Removal, ECF No. 1, at 4.

**A. Plaintiff's Motion to Remand**

On December 7, 2012, Plaintiff filed a motion to remand the action to state court. Pl's Mot., ECF No. 9. Plaintiff argued, inter alia, that: (1) it remains a disputed question of fact as to whether Defendants were federal employees or contractors; (2) the Defendants at issue did not raise federal employment as an affirmative defense in their answers and failed to seek certification from the U.S. Attorney General for their defense, pursuant to 28 U.S.C. § 2679, and instead, only raised federal immunity as an affirmative defense in their motion for summary judgment; and (3) the court lacks derivative jurisdiction over federal employees on removed cases. Id. at 4-12.

Defendant Plumas Sanitation, joined by the remaining Defendants, opposed Plaintiff's motion to remand. See Defs' Mots., ECF Nos. 12-16. Defendants argued, in part, that it was "premature to make a determination with regard to whether defendants were federal employees, as further information must be gathered" and "[u]ntil that determination is made, this Court has jurisdiction over the matter." Def's Mot., ECF No. 13, at 2. Defendants further asserted that, on or about December 27, 2012, "a formal written request to the federal government's designated agent was made on behalf of the Individual Defendants seeking statutory

3

1  certification of their federal employment status at the time of the
2  subject fire" and that the Defendants "presently await the Federal
3  Government's and Attorney General's certification of their federal
4  employment" status.  Coleman Decl., ECF No. 16, Att. 2, at 2;
5  see also Defs' Req., ECF No. 16, Att. 2, at 7-9.
6       On January 15, 2013, this court stayed resolution of
7  Plaintiff's motion to remand, pending a response by the Attorney
8  General as to Defendants' request for certification of their
9  federal employment status at the time of the incident alleged.
10 Order, ECF No. 23.
11 **B.  Plaintiff's Motion for Relief of Stay**
12      On April 24, 2013, Defendants notified the court that their
13 application seeking certification by the Attorney General of their
14 federal employment status was denied, but that Defendants have
15 sought reconsideration of the Attorney General's written opinion.
16 See Defs' Status Update, ECF No. 26.
17      The Attorney General's written opinion, dated April 18, 2013,
18 provides, inter alia, that: (1) Defendants' removal of the suit to
19 district court "was improper because it occurred before the
20 individual defendants were certified as federal employees acting
21 within the scope of their employment";(2) upon careful
22 consideration of the certification requests and "multiple
23 interviews" conducted "over two months, including interviews of the
24 IMT Incident Commander and the Deputy Incident Commander," the
25 United States Attorney has determined that "Defendants Barnhart,
26 DelCarlo, Jellison, Kirste, and Rubin were not federal 'employees,'

4

a determination governed by federal law"; and (3) the U.S. Forest Service "did not control the detailed physical performance or substantially supervise the day-to-day operations of the Local Firefighter Defendants," and "the Forest Service could not and did not hire or fire the Local Firefighter Defendants from employment," "discipline the Local Firefighter Defendants," "directly pay the Local Firefighter Defendants," or "control whether the Local Firefighter Defendants were even permitted to report to the Silver Fire." Id. at 21-23.

In light of the Attorney General's written opinion, Plaintiff Rebecca Quigley moves the court to "lift the previously imposed stay, decide the motion, and enter its order remanding the case to the Plumas County Superior Court on the basis that removal under the circumstances of this case was improper." Pl's Mot., ECF No. 27. Defendants oppose. See Def's Opp'n, ECF No. 28; Joinders, ECF Nos. 29, 30, 31.

## II. STANDARD FOR A MOTION TO REMAND

A defendant may remove any civil action from state court to U.S. district court if the latter would have original jurisdiction "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. §§ 1331, 1441(a). The removal statute is strictly construed, and the court must reject federal jurisdiction if there is any doubt as to whether removal was proper. See Duncan v. Stuetzle, 76 F.3d 1480, 1485 (9th Cir. 1996) (citing Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992)). The availability of removal is thus limited by the well-pleaded complaint rule,

5

which permits removal only when a federal question is presented on the face of a properly pleaded complaint. See Franchise Tax Bd. of State of California v. Construction Laborers Vacation Trust for S. California, 463 U.S. 1, 9-10, 103 S.Ct. 2841, 77 L.Ed.2d 420 (1983). A defendant bears the burden of proving the propriety of removal. Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992).

An action raising a defense based in federal law does not create federal question jurisdiction "even if the defense is anticipated in the plaintiff's complaint, and even if both parties admit that the defense is the only question truly at issue in the case." Franchise Tax Bd., 463 U.S. at 14. Plaintiff "is the master of his or her complaint and may avoid federal jurisdiction by exclusive reliance on state law." Easton v. Crossland Mortgage Corp., 114 F.3d 979, 982 (9th Cir. 1997). However, "[a] plaintiff may not avoid federal jurisdiction by omitting from the complaint federal law essential to his or her claim or by casting in state law terms a claim that can be made only under federal law." Id.

### III. ANALYSIS

In 1988, Congress adopted the Federal Employees Liability Reform and Tort Compensation Act, commonly referred to as the Westfall Act, to "remove the potential personal liability of federal employees for common law torts committed within the scope of their employment" by providing that the "exclusive remedy for such torts is an action against the United States under the Federal Tort Claims Act." Billings v. United States, 57 F.3d 797, 799 (9th Cir. 1995) (citing H.R.Rep. No. 700, 100th Cong., 2d Sess. 4

(1988)).

The Westfall Act grants the Attorney General authority to certify that a defendant employee named in a tort action was acting within the scope of his or her federal employment at the time in question. 28 U.S.C. § 2679(d)(1), (2). If the action is launched in a state court, and the Attorney General certifies that the employee "was acting within the scope of his office or employment at the [relevant] time," the action "shall be removed" to the appropriate federal district court, and the United States must be substituted as the defendant. § 2679(d)(2). "Th[e] certification of the Attorney General shall conclusively establish scope of office or employment for purposes of removal." 28 U.S.C. § 2679(d)(2). That is, for purposes of establishing a forum to adjudicate the case, § 2679(d)(2) renders the Attorney General's certification dispositive. Osborn v. Haley, 549 U.S. 225, 241, 127 S.Ct. 881, 166 L.Ed.2d 819 (2007); see also Billings, 57 F.3d at 800 ("Certification by the Attorney General is prima facie evidence that a federal employee was acting in the scope of her employment at the time of the incident and is conclusive unless challenged.").

Because the Attorney General's decision regarding certification of the employment status of the Individual Defendants in this case is dispositive for purposes of establishing forum, and the Attorney General has denied Defendants' request to be certified as federal employees acting within the scope of their employment in accordance with 28 U.S.C. § 2679(d), Defendants' argument that

7

the case should be removed to federal court based on their status as federal employees fails.  Furthermore, because Plaintiff has presented no federal question on the face of her complaint, removal of this action to federal court was not proper.

The court rejects Defendants' argument that it should retain jurisdiction over the matter while their application for reconsideration of the Attorney General's decision is pending.  The Attorney General's written opinion denying certification appears to be based on a thorough consideration of the particular facts before it.  The court sees no reason to further stall these proceedings based on Defendants' application for reconsideration.

## IV. CONCLUSION

Accordingly, the court GRANTS Plaintiff's motion to lift the stay of proceedings filed on January 15, 2013. Pl's Mot., ECF No. 27.  Plaintiff's motion to remand, ECF No. 9, is GRANTED.  This action is REMANDED to the Plumas County Superior Court.

The hearing on Plaintiff's motion for relief of stay, currently set for May 28, 2013 at 10:00 A.M. is VACATED.

IT IS SO ORDERED.

DATED: May 21, 2013.

_____
LAWRENCE K. KARLTON
SENIOR JUDGE
UNITED STATES DISTRICT COURT

8